**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| Mark Anthony Hawkins )<br>2902 Buckthorn Ct. )<br>Glenarden Maryland 20706 )<br>)<br>)<br>) | CIVIL CASE NO. 1:17-CV-01982 |
| *Plaintiff* )<br>v. ) | JURY TRIAL DEMANDED |
| )<br>THE DISTRICT OF COLUMBIA )<br>)<br>SERVE:    Muriel Bowser )<br>The Wilson Building )<br>1350 Pennsylvania Avenue, NW )<br>Washington, D.C.20004 )<br>)<br>441 4th Street N.W. )<br>Suite 800 South )<br>Washington, D.C. 20001 )<br>)<br>Karl Racine )<br>Attorney General DC )<br>1350 Pennsylvania Avenue, NW )<br>Washington, D.C.20004 )<br>)<br>and )<br>)<br>Washington Area Metro Transit Authority )<br>Metro Transit Police )<br>600 5th Street NW )<br>Washington DC 20001 )<br>)<br>and )<br>)<br>William O'Brien )<br>)<br>)<br>SERVE: )<br>80 M. Street S.E., Suite 330 )<br>Washington, DC 20003 )<br>)<br>)<br>) | |

```
SEVERAL UNKNOWN POLICE OFFICERS         )
Washington Area Metro Transit Authority  )
Metro Transit Police                     )
600 5th Street NW                        )
Washington DC 20001                      )
                                         )
        Defendants.                      )
_____    )
```

## AMENDED COMPLAINT FOR DAMAGES

**Washington Metropolitan Area Transit Authority Officer's Excessive Force Hit and Run; 42 U.S.C. §§1983, 1986 and 1988 (Assault & Battery; Negligent Supervision; Respondeat Superior; Gross Negligence; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress;)**

### INTRODUCTION

1. This is a civil action for acts in negligence and intentional misconduct by a member of the Metropolitan Police Department while acting under color of law.

### JURISDICTION AND VENUE

2. Jurisdiction exists in this case pursuant to D.C. code § 11-921 (1981).

3. The District of Columbia was given notice of this potential claim consistent with D.C. Code § 12-309 (2001) May 12, 2017.

4. Venue is proper in this Court, because the events took place in the District of Columbia.

### PARTIES

5. Plaintiff, Mark A. Hawkins (also representing his minor daughter, Sparkle Hawkins), have been residents of Maryland, during the time relevant to this civil action.

6. Defendant, District of Columbia, is a municipal corporation organized pursuant to the

laws of the United States.

7. Defendant Washington Area Metro Transit Police is located in the District of Columbia. The Washington Metropolitan Area Transit Authority (WMATA) is a tri-jurisdictional government agency that operates transit service in the Washington metropolitan area. WMATA was created by the United States Congress as an interstate compact between the District of Columbia, the State of Maryland, and the Commonwealth of Virginia. WMATA has its own police force, the Metro Transit Police Department.

8. Defendant William O'Brien, was employed at all times relevant herein by WMATA as a Metropolitan Transit Police Officer in the District of Columbia and is being sued in his official and individual capacities.

9. Several Unknown Police Officers were employed at all times relevant herein as members of the District of Columbia Metropolitan Police Department and Metropolitan Transit Police Department of WMATA and are being sued in their official and individual capacities.

## STATEMENT OF FACTS

10. On February 17, 2017, Plaintiff Mr. Hawkins and his daughter (about age 4) were with their family, and leaving a children's show that just finished at the Verizon Center. Mr. Hawkins was not armed and was carrying his child, walking away from the Verizon Center (600 F Street NW, Washington DC 20004) on the sidewalk, with his family, at about 9:46 pm, after watching Disney on Ice, a children's show.

11. Everyone leaving the show were slowly moving on the sidewalk. The sidewalk was crowded with children and parents. There were many young children who had come to see the Disney show.

12. Mr. Hawkins and his daughter, Sparkle, were among the crowd.  Mr. Hawkins was carrying his daughter propped up on his waist and to the side on his hip.

13. Officer O'Brien was the driver of a marked police van, he was operating his vehicle at high speed and drove into the crowd of pedestrians.

14. O'Brien struck Mr. Hawkins daughter, Sparkle in the arm with the side mirror. As a result of being struck by a police vehicle driven by a Metropolitan Transit Police, Sparkle started crying.

15. Sparkle became very frightened and was in pain and began to cry.

16. Officer O'Brien stopped his vehicle, came out of the vehicle, pulled out his gun as he approached Mr. Hawkins and was shouting at Mr. Hawkins and his 4 year old daughter as well as the other pedestrians (most of whom where family and children).  He had his gun pointed at Mr. Hawkins.

17. Officer O'Brien was agitated, angry, and seemed ready to use his weapon.  Other pedestrians, witnesses, were stunned and afraid.  Other uniformed police officers on the scene began calling out to O'Brien to put away his weapon, they were shouting at him to get him to "stop" "stop" and "put away your weapon."  By all witness accounts there was fear rippling through the crowd as O'Brien held his gun to Mr. Hawkins and his young daughter.

18. After pointing his gun at Mr. Hawkins and was about to shoot Mr. Hawkins (an unarmed pedestrian with his family, carrying his daughter).  Other officers approached the scene and were shouting for him to stop. O'Brien, pulled back, got into his police vehicle and drove off and was last seen westbound on the 600 Block of F Street NW.

19. The victims, Mr. Hawkins and his young daughter were left on the sidewalk.

Mr. Hawkins and his young children were not drinking, were not in possession of weapons and did not interact with the officer, until the officer struck Sparkle Hawkins.

20. Mr. Hawkins and his daughter continue to suffer. The physical attack caused emotional and psychological trauma. Mr. Hawkins, Sparkle Hawkins and their family who unfortunately had to watch the whole terrifying ordeal unfold. Mr. Hawkins was left in fear for his life and his dignity torn from him at gun point, and rendered helpless after his daughter was physically harmed and crying for help. Such behavior will have long term traumatically severe implications for Mr. Hawkins and his family.

21. Mr. Hawkins is unable to feel safe while going outside and does not feel that he is being protected by the police force as he is protecting his rights and filing a complaint against one of their own.

22. Mr. Hawkins is unable to trust that his safety is a priority any longer and that another officer will not attack him and this time shoot him.
He seeks remedy, for him to be able to relocate his family and put his matter behind him.

23. At all times relevant to this action, defendant officers terrorized Mr. Hawkins and his daughter, at gun point, while acting under color of law and within the scope of his employment as duly appointed police officers of the District of Columbia working for WMATA.

24. At all times relevant to this action the District of Columbia and WMATA had in effect and was responsible for the policies and procedures followed by the officers in the actions taken relating to Mr. Hawkins and Sparkle Hawkins, and was responsible for the hiring, training, supervision, monitoring and disciplining of the officers involved.

## **COUNT I**

**Assault & Battery – Against All Defendants**
**(use of motor vehicle and deadly weapon against plaintiffs)**

25. Plaintiff incorporates, by reference paragraphs 1 through 24, as if fully set forth herein.

26. The officers, willfully and maliciously assaulted, battered, and traumatized the plaintiffs.

27. While they were being assaulted with a gun in their faces and Sparkle Hawkins had been struck by the police vehicle, the plaintiffs were in no way presenting any threat to anyone, disturbing the peace, engaging in illegal activity nor resisting any lawful command.

28. As a direct and proximate result of the willful, malicious and intentional actions, of defendant rogue police officer, the plaintiffs were assaulted and battered and suffered injuries as a result thereof.

## COUNT II

### Wonton, Willful and Reckless, Gross Negligence

29. Plaintiffs incorporate, by reference, paragraphs 1-31 as is fully set forth herein.

30. On February 17, 2017 at about 9:45 pm, at the 600 block of F Street, NW, Washington DC, the defendant drove a police van into a crowd of children and families leaving a Disney show, at the Verizon Center.

31. Defendant acted willfully and with reckless disregard to the crowd of children and families walking in a crowd, when he drove by striking Sparkle Hawkins and her dad as they walked on the sidewalk.

32. Defendant acted with gross negligence when he stepped out of his police van, while

in police uniform and pointed his loaded gun at Mr. Hawkins and his four hear old daughter, Sparkle.

33.  Defendant acted willfully and unlawfully, using his weapon and his vehicle to harm plaintiffs.

34. Defendant acted willfully and in gross negligence when he "hit and run" the scene of the accident, but speeding away after hitting Sparkle Hawkins with his vehicle and holding her father Mark Anthony Hawkins at gun point.

35. The officer acted with intentional, reckless and gross negligence by the use of his vehicle and the use of his weapon, in extreme deviation from the standard of care required under these circumstances, that it shows his conscious indifference to the rights and safety of others, which included crowds of children and families leaving Disney on Ice Show.

36. As a direct and proximate result of defendant's gross negligence plaintiffs have suffered and continue to suffer, and continue to live in fear.

## COUNT III

### Deprivation of Civil Rights, 42 U.S.C. §1983, 1986 and 1988

37. Plaintiffs incorporate, by reference, paragraphs above as is fully set forth herein.

38. Plaintiffs further allege that the defendant officers, with deliberate indifference to and reckless disregard for their constitutional rights and in violation of the 4th Amendment to the Constitution, committed, acts which deprived the plaintiffs of their Constitutional rights without affording them due process of law.

39. As a direct and proximate result of the actions of defendant officers, the plaintiffs were subjected to unlawful seizure when they were accosted at gunpoint, hit with a vehicle as though they were common criminals.

## COUNT IV

### Negligent Supervision
### Respondeat Superior

40. Plaintiff hereby incorporates, by reference paragraphs above as if fully set forth herein.

41. At all times relevant herein, the officer(s) were acting under the direction and control of the District of Columbia and WMATA pursuant to the rules, regulations, policies and procedures, of the defendants.

42. Defendant acted negligently, carelessly and recklessly in failing to properly train, supervise, control, direct and monitor the defendant officers.

43. As a direct and proximate result of the acts and omissions of defendant plaintiffs were wrongfully and unlawfully assaulted, battered, and subjected to emotional trauma and anguish. As a result, plaintiffs have suffered physical injuries, mental anguish and emotional distress.

## COUNT V

### Intentional Infliction of Emotional Distress

44. Plaintiff hereby incorporates, by reference paragraphs above as if fully set forth herein.

45. At all times relevant herein, the officer(s) engaged in extreme or outrageous conduct, with the intent of frightening the plaintiffs, and caused severe emotional distress and bodily harm.

46. Defendant acted intentionally in harming and causing harm to the plaintiffs. As a result, plaintiffs have suffered physical injuries, mental anguish and emotional distress.

## COUNT VI

### Negligent Infliction of Emotional Distress

47. Plaintiff hereby incorporates, by reference paragraphs above as if fully set forth herein.

48. At all times relevant herein, the officer(s) engaged in extreme or outrageous conduct, with the intent of frightening the plaintiffs, and caused severe emotional distress and bodily harm.

49. Defendant acted intentionally in harming and causing harm to the plaintiffs. As a result, plaintiffs have suffered physical injuries, mental anguish and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

A. RULE that Defendants' actions violated Plaintiffs' rights;

B. ENTER JUDGEMENT awarding Plaintiffs compensatory damages against all defendants in an amount appropriate to the evidence adduced at trial;

C. ENTER JUDGEMENT awarding Plaintiffs punitive damages against defendants named herein;

D. ENTER JUDGEMENT awarding plaintiffs their costs and reasonable attorneys' fees in this action;

E. GRANT Plaintiffs such further relief as this Court may deem just and proper.

## Jury Demand

The plaintiffs demand a trial by jury on all issues.

Respectfully submitted,

                                          /s/ S. Sarah Shah_____
S. Sarah Shah (DC Bar # 995994)
Attorney for the Plaintiffs
1310 L Street NW
Suite 750
Washington DC 20005
202-450-1059

February 27, 2018

                        Counsel for Plaintiff

### Certificate of Service

I hereby certify that a copy of the foregoing Amended Complaint was electronically filed and served via electronic filing on this 27th day of February 2017 to:

Janice L. Cole
Chief Counsel – MTPD
WMATA-Coun
600 Fifth Street N.W.
Washington, D.C. 20001
jlcole@wmata.com
202-962-2543

Neal M. Janey, Jr.
Associate General Counsel
600 Fifth Street N.W.
Washington, D.C. 20001
nmjaney@wmata.com

Attorneys for Defendants WMATA and O'Brien

                                          /s/ Shameela Sarah Shah_____
                                          S. SARAH SHAH